## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NUCOR TUBULAR PRODUCTS INC.,**<br><br>　　　　　　　　**Plaintiff,**<br><br>　　　　**v.**<br><br>**UNITED STATES,**<br><br>　　　　　　　**Defendant.** | **Before: Hon. _____**<br><br><br>**Court No.  21-00543** |

## COMPLAINT

Plaintiff Nucor Tubular Products Inc. ("Plaintiff"), by and through its attorneys, alleges and states the following claims against Defendant United States:

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.　　Plaintiff brings this Complaint to contest portions of the U.S. Department of Commerce's ("Commerce") final affirmative determination in the antidumping duty administrative review of the antidumping duty order on heavy walled rectangular welded carbon steel pipes and tubes from Mexico for the period of review of September 1, 2018 through August 31, 2019. The final results in this administrative review were published in the *Federal Register* on August 2, 2021. *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From Mexico*, 86 Fed. Reg. 41,448 (Dep't Commerce Aug. 2, 2021) (final results of antidumping duty admin. rev.; 2018-2019) ("Final Results").

## JURISDICTION

2.　　The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under sections 516A(a)(2)(A)(i)(I), (a)(2)(B)(iii), and (a)(5)(A) of the Tariff

Ct. No. 21-00543

Act of 1930, *codified as amended* at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), (a)(2)(B)(iii), and (a)(5)(A), and Plaintiff complied with 19 U.S.C. § 1516a(g)(3)(B).

## STANDING

3.      Plaintiff is a U.S. producer of heavy walled rectangular welded carbon steel pipes and tubes, is an interested party within the meaning of 19 U.S.C. § 1677(9)(C) and was a party to the administrative review in connection with which this matter arises by filing written argument. Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4.      Plaintiff commenced this action by filing a Summons on September 27, 2021. Because the subject merchandise originates from Mexico, which is a member of the United States-Mexico-Canada Agreement, this action is timely commenced within 30 days after the 31st day after the date on which notice of the determination was published in the *Federal Register*. 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), (a)(5)(A); Summons (Sept. 27, 2021), ECF No. 1.  Plaintiff is filing this Complaint within 30 days after filing the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2) and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5.      On August 2, 2016, Commerce published its final determination in the antidumping duty investigation of *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico* in the *Federal Register*. *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From Mexico*, 81 Fed. Reg. 47,352 (Dep't Commerce July 21, 2016) (final deter. of sales at less than fair value). On September 13, 2016, Commerce published its antidumping duty order in the

Ct. No. 21-00543

*Federal Register. Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From the Republic of Korea, Mexico, and the Republic of Turkey*, 81 Fed. Reg. 62,865 (Dep't Commerce September 13, 2016) (antidumping duty orders).

6.    Commerce initiated the administrative review subject to this Complaint on November 12, 2019. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 84 Fed. Reg. 61,011, 61,013 (Dep't Commerce Nov. 12, 2019). Commerce Selected Maquilacero S.A. de C.V. ("Maquilacero") and Productos Laminados de Monterrey S.A. de C.V. ("Prolamsa") as mandatory respondents in the review. *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From Mexico*, 86 Fed. Reg. 7,067 (Dep't Commerce Jan. 26, 2021) (prelim. results of antidumping duty admin. rev., 2018-2019) ("Prelim. Results") and accompanying Preliminary Decision Memorandum.

7.    Commerce published the preliminary results of the administrative review subject to this Complaint on January 26, 2021. Prelim. Results, 86 Fed. Reg. at 7,068. Commerce calculated Prolamsa's home market adjustments in Mexican Pesos ("MXN"). *Id.*; Memorandum from David Crespo, Int'l Trade Compliance Analyst, Off. II, AD/CVD Operations, through Elizabeth Eastwood, Program Manager, Off. II, AD/CVD Operations, to The File, re: *2018-2019 Administrative Review of Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico: Preliminary Results Sales Calculations for Productors Laminados de Monterrey S.A. de C.V.* (Jan. 15, 2021) at Attachment II. Commerce calculated normal value for Maquilacero in part by using programming language that relied on numbers unrelated to Maquilacero's costs or questionnaire responses for a subset of the Maquilacero's sales.

8.    In its case brief to Commerce, Plaintiff argued that Commerce erred in its calculation of Maquilacero's costs. *See* Letter from Wiley Rein LLP to Acting Sec'y Commerce,

Ct. No. 21-00543

re: *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico: Case Brief* (Mar. 8, 2021) at 49-52. Plaintiff argued Commerce should use values from Maquilacero's actual experience.

9.     In the Final Results, Commerce acknowledged that it did "incorrectly assign{} sequential values, rather than using Maquilacero's reported quarterly HRC price data, in certain instances." Issues and Decision Memorandum accompanying Final Results at 10 ("Final Decision Memo"). Rather than adopt Plaintiff's suggested remedy to the error, Commerce argued the cost information was unnecessary to the ultimate calculation, and removed the cost language from the program. *Id.* at 10-11. However, Commerce did not remove other interconnected programming, thereby exacerbating the error in the preliminary determination.

10.     In the Final Results, Commerce also revised the calculations for Prolamsa's home market prices and, using different formulas than those used in the preliminary results, converted all home market prices, adjustments, and expenses reported in MXN to USD. Final Decision Memo at 4.  However these revisions contained errors that did not exist in the preliminary determination.

11.     On August 2, 2021, Plaintiff submitted ministerial error comments concerning the new and revised formulas and methodologies Commerce employed when reaching the final results. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico: Ministerial Error Comments* (Aug. 2, 2021).

12.     On August 20, 2021, Commerce determined that the ministerial error allegations submitted by the Plaintiff regarding Commerce's new and revised calculations in the Final Results are untimely pursuant to 19 C.F.R. § 351.224(c) because "the errors {Plaintiff} alleges were present in the *Preliminary Results*." Memorandum from David Crespo, Senior Int'l Trade

Ct. No. 21-00543

Compliance Analyst, Off. II, AD/CVD Operations, to Jill E. Pollack, Dir., Off. II, AD/CVD Operations, re: *Ministerial Error Allegation in the Final Results of the 2018-2019 Antidumping Duty Administrative Review on Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico* (Aug. 20, 2021) at 1. Thus, Commerce recommended making no changes to the Final Results.

## CLAIMS AND BASES FOR RELIEF

### Count I

13.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12.

14.     Commerce's determination that the ministerial error allegation submitted by Plaintiff as to Maquilacero was untimely was arbitrary and capricious, an abuse of discretion, not supported by substantial evidence, and was otherwise not in accordance with law.

### Count II

15.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12.

16.     Commerce's determination, that the ministerial error allegation submitted by Plaintiff as to Prolamsa was untimely was arbitrary and capricious, an abuse of discretion, not supported by substantial evidence, and was otherwise not in accordance with law.

Ct. No. 21-00543

## <u>REQUEST FOR JUDGMENT AND RELIEF</u>

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1)      Hold that aspects of Commerce's Final Results in the 2018-2019 antidumping duty administrative review of *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico* are not supported by substantial record evidence and are otherwise not in accordance with law; and

2)      Remand the Final Results to Commerce for disposition consistent with the Court's final opinion; and

3)      Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

 */s/ Alan H. Price*
Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Jake R. Frischknecht, Esq.
Paul A. Devamithran, Esq.

**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000

*Counsel for Nucor Tubular Products Inc.*

Date:  September 27, 2021