## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |  |
|---|---|---|
| NUCOR TUBULAR PRODUCTS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 21-00543 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT UPON THE AGENCY RECORD

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CLAUDIA BURKE
Assistant Director

OF COUNSEL:
AYAT MUJAIS
Attorney
International Office of the Chief
Counsel for Trade Enforcement
& Compliance
U.S. Department of Commerce

KARA M. WESTERCAMP
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7571
Kara.M.Westercamp@usdoj.gov

April 22, 2022

Attorneys for Defendant

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................... ii

STATEMENT PURSUANT TO RULE 56.2 ..........................................................................1

I.     The Administrative Determination Under Review ....................................................1

II.    Issues Presented For Review ....................................................................................2

STATEMENT OF FACTS .....................................................................................................2

I.     Initiation Of Review And Preliminary Results .........................................................2

II.    Administrative Case Briefs .......................................................................................4

III.   Final Results ..............................................................................................................4

IV.   Ministerial Error Submission ....................................................................................4

SUMMARY OF THE ARGUMENT .....................................................................................7

ARGUMENT ..........................................................................................................................8

I.     Standard Of Review ..................................................................................................8

II.    Commerce's Rejection Of Nucor's Ministerial Error Allegations Was In
Accordance With Law And Supported By Substantial Evidence.........................9

    A.    Legal Framework ........................................................................................9

    B.    Commerce Acted Within Its Discretion To Reject Nucor's Ministerial Error
Allegation Regarding Commerce's Calculation Of The Cost Of Production
Because It Was Untimely..........................................................................11

    C.    Commerce Acted Within Its Discretion To Reject Nucor's Ministerial Error
Allegation Regarding Commerce's Currency Conversion Because It Was
Untimely ...................................................................................................14

III.   Nucor Not Only Failed To Exhaust Its Administrative Remedies, But It Also
Waived Its Substantive Challenges To Commerce's Determinations Of The
Cost Of Production And Currency Conversion Issues Because Nucor *Only*
Challenged Whether The Ministerial Error Comments Were Untimely In Its
Complaint...................................................................................................16

CONCLUSION.......................................................................................................................18

# TABLE OF AUTHORITIES

## Cases

*Chevron, U.S.A., Inc. v. NRDC, Inc.*,
  467 U.S. 837 (1984) ........................................................................ 9

*Consol. Edison Co. v. NLRB*,
  305 U.S. 197 (1938) ........................................................................ 8

*Consolo v. Fed. Mar. Comm'n*,
  383 U.S. 607 (1966) ........................................................................ 8

*Corus Staal BV v. United States*,
  502 F.3d 1370 (Fed. Cir. 2007) .................................................. 16, 17

*Dorbest Ltd. v. United States*,
  604 F.3d 1363 (Fed. Cir. 2010) .................................................. 10, 15

*Fujitsu Gen. Ltd. v. United States*,
  88 F.3d 1034 (Fed. Cir. 1996) ........................................................ 8

*Goldlink Indus. Co. v. United States*,
  431 F. Supp. 2d 1323 (Ct. Int'l Trade 2006) ................................ 9

*Husteel Co. v. United States*,
  77 F. Supp. 3d 1286 (Ct. Int'l Trade 2015) ............................ 12, 13

*Itochu Bldg. Prods. v. United States*,
  733 F.3d 1140 (Fed. Cir. 2013) ...................................................... 17

*Jinan Yipin Corp. v. United States*,
  774 F. Supp. 2d 1238 (Ct. Int'l Trade 2011) .............................. 10

*Nippon Steel Corp. v. United States*,
  458 F.3d 1345 (Fed. Cir. 2006) ...................................................... 9

*Paul Muller Industrie GmbH & Co. v. United States*,
  502 F. Supp. 2d 1271 (Ct. Int'l Trade 2007) .............................. 16

*QVD Food Co. v. United States*,
  658 F.3d 1318 (Fed. Cir. 2011) .......................................... 11, 12, 15

*Rhone Poulenc, Inc. v. United States*,
  899 F.2d 1185 (Fed. Cir. 1990) ...................................................... 16

*Stanley Works (Langfang) Fastening Sys. Co., Ltd. v. United States*,
  964 F. Supp. 2d 1311 (Ct. Int'l Trade 2013) ................................................ 11, 14, 15

*Timken U.S. Corp. v. United States*,
  434 F.3d 1345 (Fed. Cir. 2006) ...................................................................... 10, 15

*Torrington Co. v. United States*,
  68 F.3d 1347 (Fed. Cir. 1995) ................................................................................ 9

*United States v. Eurodif S.A.*,
  555 U.S. 305 (2009) ................................................................................................ 8

*Zhaoqing Tifo New Fibre Co. v. United States*,
  256 F. Supp. 3d 1314 (Ct. Int'l Trade 2017) ...................................................... 17, 18

## **Statutes**

19 U.S.C. § 1516a ................................................................................................... 8

19 U.S.C. § 1675(h) ...................................................................................... passim

19 U.S.C. § 1677b-1(a) ........................................................................................ 14

19 U.S.C. § 1677b(b)(1) ...................................................................................... 11

28 U.S.C. § 1581(c) .............................................................................................. 17

## **Rules**

USCIT Rule 8 ........................................................................................................ 17

## **Regulations**

19 C.F.R. § 351.224 ...................................................................................... passim

19 C.F.R. § 351.309 ......................................................................................... 7, 16

## **Other Authorities**

*Initiation of Antidumping and Countervailing Duty Administrative Reviews*,
  84 Fed. Reg. 61,011 (Dep't of Commerce Nov. 12, 2019) ...................................... 3

*Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico:*
*Preliminary Results of Antidumping Duty Administrative Review; 2018-2019*,
  86 Fed. Reg. 7,067 (Dep't of Commerce Jan. 26, 2021) ......................................... 3

*Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico:*
*Final Results of Antidumping Duty Administrative Review; 2018-2019,*
   86 Fed. Reg. 41,448 (Dep't of Commerce Aug. 2, 2021) ......................................................... 1

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | | |
|---|---|---|
| _____ | ) | |
| NUCOR TUBULAR PRODUCTS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 21-00543 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 56.2
## MOTION FOR JUDGMENT UPON THE AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of this Court, defendant, the United States, respectfully submits this response to the motion for judgment upon the agency record filed by plaintiff Nucor Tubular Products Inc. (Nucor).  Nucor Br., ECF No. 32.  Nucor challenges certain aspects of the final results of the Department of Commerce's (Commerce) administrative review of the antidumping duty order covering heavy walled rectangular welded carbon steel pipes and tubes (HWR pipe and tube) from Mexico.  For the reasons explained below, the Court should sustain the final results because they are supported by substantial evidence and are otherwise in accordance with law.

## STATEMENT PURSUANT TO RULE 56.2

### I.     The Administrative Determination Under Review

The administrative determination under review is *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico*, 86 Fed. Reg. 41,448 (Dep't of Commerce Aug. 2,

2021) (Final Results) (P.R. 252),[1] and the accompanying Issues and Decision Memorandum (IDM) (Dep't of Commerce July 22, 2021) (P.R. 243).  The period of review is September 1, 2018, through August 31, 2019.

## II.    Issues Presented For Review

1.      Whether Commerce's rejection, as untimely, of Nucor's ministerial error submission, which alleged that Commerce failed to properly calculate costs for the sales-below-cost test for Maquilacero S.A. de C.V. (Maquilacero), is supported by substantial evidence and in accordance with law.

2.      Whether Commerce's rejection, as untimely, of Nucor's ministerial error submission, which alleged that Commerce inaccurately calculated currency conversions in Productos Laminados de Monterrey S.A. de C.V.'s (Prolamsa) margin calculation, is supported by substantial evidence and in accordance with law.

3.      Whether Nucor failed to exhaust its administrative remedies because it failed to challenge Commerce's calculation of Maquilacero's sales and the currency conversions in Prolamsa's margin calculation in its administrative case briefs.

4.      Whether Nucor waived its challenges to Commerce's calculation of Maquilacero's sales and the currency conversions in Prolamsa's margin calculation because Nucor failed to raise these challenges in its complaint.

## STATEMENT OF FACTS

## I.    Initiation Of Review And Preliminary Results

On November 12, 2019, Commerce initiated an administrative review of the antidumping duty order covering HWR pipe and tube from Mexico.  *See Initiation of Antidumping and*

---

[1]  Citations to the public record (P.R.) and confidential record (C.R.) refer to the administrative record filed on November 8, 2021.  *See* ECF No. 26.

*Countervailing Duty Administrative Reviews*, 84 Fed. Reg. 61,011 (Dep't of Commerce Nov. 12, 2019) (P.R. 12).  Commerce selected Macquilacero and Prolamsa as mandatory respondents because they accounted for the largest volume of merchandise entering the United States.  *See* Respondent Selection Memo (Dec. 19, 2021) (P.R. 21).

On January 26, 2021, Commerce published the preliminary results.  *See Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico*, 86 Fed. Reg. 7,067 (Dep't of Commerce Jan. 26, 2021) (preliminary results) (P.R. 198), and accompanying Preliminary Decision Memo at 2 (PDM) (Dep't of Commerce Jan. 15, 2021) (P.R. 191).  For its calculation of normal value using the cost recovery test, Commerce preliminarily excluded Macquilacero's reported home market sales made during the window period (*i.e.*, the three months prior to the period of review), but did not exclude U.S. sales sold prior to the period of review for the purposes of calculating control number (CONNUM) specific costs of production on a quarterly basis.  *See* Macquilacero Preliminary Calculation Memorandum at 1-2 (Jan. 21, 2021) (P.R. 197; C.R. 309); PDM at 7-8, 19.  Commerce explained that it used a quarterly basis for the cost-averaging period because it found the change in the cost of manufacturing during the period of review to be "significant," and that record evidence indicated that "a shorter cost period approach, based on a quarterly-average {cost of production}, is appropriate for Macquilacero because {Commerce} found significant cost changes in {cost of manufacturing} as well as reasonable linkage between costs and sales prices."  PDM at 18-19.

Further, Commerce calculated Prolamsa's home market net price on a consistent U.S. dollar basis.  *See* Prolamsa Preliminary Results Sales Calculations (Jan. 21, 2021) (P.R. 196; C.R. 304); PDM at 11.

II.     <u>**Administrative Case Briefs**</u>

On March 8, 2021, Commerce received case briefs from Nucor and Maquilacero.  *See*

Maquilacero Case Br. (P.R. 230; C.R. 374); Nucor Case Br. (P.R. 231; C.R. 375).  On March 17,

2021, Commerce received rebuttal case briefs from Nucor, Maquilacero, and Prolamsa.  *See*

Prolamsa Rebuttal Case Br. (P.R. 235; C.R. 377); Maquilacero Rebuttal Case Br. (P.R. 236; C.R.

378); Nucor Rebuttal Case Br. (P.R. 237; C.R. 380).

III.    <u>**Final Results**</u>

On July 22, 2021, Commerce published the final results.  In the final results, Commerce

continued to use the same home market and U.S. sales for the cost recovery test as explained in

the preliminary results, and further, used the same currency conversion programming in its final

calculations.  *See* Maquilacero Final Calculation Memo at Attachment 1 (July 26, 2021) (P.R.

245; C.R. 381); IDM at 10-11; Prolamsa Final Results Calculation Memorandum at Attachment

II (July 27, 2021) (P.R. 250; C.R. 391).

IV.     <u>**Ministerial Error Submission**</u>

On August 2, 2021, Nucor submitted ministerial error comments on Commerce's final

results.  *See* Nucor Ministerial Error Comments (Aug. 2, 2021) (P.R. 253; C.R. 392).  Both

Prolamsa and Maquilacero timely submitted rebuttal comments.  *See* Prolamsa Response to

Ministerial Error Comments (Aug. 6, 2021) (P.R. 256; C.R. 393); Maquilacero Reply to

Ministerial Error Comments (Aug. 9, 2021) (P.R. 257; C.R. 394).

First, Nucor alleged that Commerce had inadvertently included Maquilacero's "pre-

{period of review} window period sales for purposes of calculating a cost record for any

products sold but not produced."  Nucor Ministerial Error Comments at 2.  Nucor alleged that

"{t}his small error has large ripple effects, including depressing Maquilacero's costs, and

ultimately causing an erroneous calculation of a *de minimis* margin for Maquilacero." *Id.* Nucor alleged that "{i}t was not {Commerce's} intent to include all U.S. sales as demonstrated by {Commerce's} margin program, which limited the sales to the {period of review}," but the home market program "included sales from the window period preceding the {period of review} in this section of the program because {Commerce} did not limit the U.S. sales to the {period of review}." *Id.* Such sales from the window period were the period "0" sales. *Id.*

Nucor also alleged that "Prolamsa's final calculations included certain inadvertent currency conversion errors that inappropriately lower the home market net price" because for the packing costs, Commerce "inadvertently failed to convert fields HMICC and HMPACK, reported in Mexican Pesos ('MXP'), to {U.S. dollars}." *Id.* at 6. Nucor argued that Commerce should also correct the home market net price (HMNETPRI) so that it is on a consistent U.S. dollar basis, which required a correction to the calculation of the foreign unit price in dollars (FUPDOL). *Id.* at 6-7.

Both Maquilacero and Prolamsa urged Commerce to reject Nucor's comments as untimely filed. First, Maquilacero argued that "there is *nothing* that would even suggest that including the pre-{period of review} sales in question (which {Commerce} requested Maquilaero to report) was some sort of inadvertent, unintentional error so as to constitute a ministerial error{.}" Maquilacero Reply to Ministerial Error Comments at 3 (emphasis in original). Rather, "the inclusion of period '0' sales existed in {Commerce's} preliminary {home market} SAS program" and the "SAS language is *identical* in both the preliminary results and the final results." *Id.* at 3-4 (emphasis in original); *id.* at 6 (referring to the "relevant SAS languages {being} identical in both the prelim results (lines 8715 – 8732 of the prelim {home market} program) and the final results (lines 8719 – 8736 of the final {home market} program)).

Second, Prolamsa argued that Nucor's "proposed method of correcting the conversion of packing costs "improperly causes packing costs to be converted to {U.S. dollars} more than once, which improperly decreases packing costs{.}"  Prolamsa Response to Ministerial Error Comments at 2-3.  Relatedly, Prolamsa suggested that Nucor's proposed correction to the foreign unit price in dollars "inappropriately converts the currency of the level of trade adjustment twice."  *Id.* at 3.

Commerce determined that Nucor's ministerial error allegations were untimely because the alleged errors arose in the preliminary results.  Commerce determined to make no changes to the final results.  *See* Ministerial Error Determination (Aug. 20, 2021) (P.R. 259).  With respect to the allegation regarding the inclusion of U.S. sales outside the period of review, Commerce explained that it had "excluded Maquilacero's reported home market sales made during the window period from the calculation of {normal value}, but did not exclude U.S. sales sold prior to the {period of review} for purposes of calculating CONNUM-specific CONNUM {costs of production} on a quarterly basis."  *Id.* at 3.  Commerce further explained that it "performed the cost recovery test using the same universe of home market and U.S. sales" in both the preliminary and final results, "which, in turn, generated almost identical cost recovery test results."  *Id.* (citing Maquilacero Preliminary Calculation Memo at Attachment 1, SAS program log lines 8579-8690 and 8715-8732; Maquilacero Final Calculation Memo at Attachment 1, SAS program notes above log line 9659).  Because the alleged error was discoverable after Commerce issued the preliminary results, and Nucor had failed to raise the issue in its case brief, Commerce determined that the ministerial error allegation was untimely.  *Id.* at 3-4; *see also* 19 C.F.R. § 351.224(c)(1) (requiring ministerial errors in the preliminary results to be included in a party's case brief); *id.* § 351.309(c)(2) (requiring all arguments to be in a party's case brief).

Commerce likewise determined that Nucor's challenge to the currency conversions was untimely because Commerce "relied on this same programming language regarding these variables" in the preliminary and final results.  Ministerial Error Allegation Determination at 5.

## SUMMARY OF THE ARGUMENT

Commerce's determination to reject Nucor's ministerial error allegations because they were untimely is supported by substantial evidence and in accordance with law.  Pursuant to 19 C.F.R. § 351.224(c)(1), comments concerning ministerial errors made in the preliminary results of a review *must* be included in interested parties' case briefs.  The errors alleged by Nucor were discoverable in the preliminary results.  Regarding Commerce's exclusion of home market sales and inclusion of U.S. sales in Commerce's calculation of the cost of production in the computer program for calculating normal value, Commerce used the same methodology, *i.e.*, exclusion of Maquilacero's home market sales and inclusion of U.S. sales during the window period in the calculations of the cost of production, in *both* the preliminary and final results.

Likewise, Commerce used the same programming language with the same currency conversion variables for the conversion of Mexican pesos and U.S. dollars for Prolamsa's sales, in both the preliminary and final results.  Commerce acted within its discretion in rejecting the ministerial errors because Nucor did not raise these specific, discoverable errors from the preliminary results in its administrative case briefs, and the ministerial error allegations were therefore untimely.

Relatedly, the Court should find that Nucor failed to exhaust its administrative remedies because it did not raise the specific challenges to Maquilacero's sales and Prolamsa's currency conversions in its administrative case briefs.  Further, because Nucor's complaint only challenges Commerce's *rejection* of the untimely ministerial error allegations as arbitrary and

capricious, the Court should find Nucor's challenge to the underlying substance of Commerce's determinations with respect to Maquilacero's sales and Prolamsa's currency conversions to be waived.

## ARGUMENT

### I.   Standard Of Review

This Court sustains "'any determination, finding, or conclusion found' by Commerce unless it is 'unsupported by substantial evidence upon the record, or otherwise not in accordance with law.'" *Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996) (quoting 19 U.S.C. § 1516a(b)(1)(B)); *see also United States v. Eurodif S.A.*, 555 U.S. 305, 316 n.6 (2009). "Substantial evidence" consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Substantial evidence may be "less than the weight of the evidence," and the possibility of drawing two inconsistent conclusions from evidence upon the record does not render Commerce's findings unsupported by substantial evidence. *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966).

Moreover, "the court may not substitute its judgment for that of the {agency} when the choice is between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Goldlink Indus. Co. v. United States*, 431 F. Supp. 2d 1323, 1326 (Ct. Int'l Trade 2006) (citation and quotation marks omitted). Hence, a party challenging Commerce's determination under the substantial evidence standard "has chosen a course with a high barrier to reversal." *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1352 (Fed. Cir. 2006). The Court need not conclude that the agency's construction of the statute is the only permissible one, or even the reading the Court would have reached if the

question initially had arisen in a judicial proceeding.  *See Chevron, U.S.A., Inc. v. NRDC, Inc.*,

467 U.S. 837, 843 n.11 (1984) (citations omitted); *Torrington Co. v. United States*, 68 F.3d 1347,

1351 (Fed. Cir. 1995) (recognizing Commerce as "master" of the antidumping laws).

## II.     Commerce's Rejection Of Nucor's Ministerial Error Allegations Was In Accordance With Law And Supported By Substantial Evidence

### A.     Legal Framework

With respect to ministerial errors, "{a} party to the proceeding to whom {Commerce}

has disclosed calculations performed in connection with a preliminary determination may submit

comments concerning a significant ministerial error in such calculations."  19 C.F.R.

§ 351.224(c)(1).  Ministerial errors are defined as "errors in addition, subtraction, or other

arithmetic function, clerical errors resulting from inaccurate copying, duplication, or the like, and

any other type of unintentional error which the administering authority considers ministerial."

19 U.S.C. § 1675(h); 19 C.F.R. § 351.224(f).  Any comments "concerning ministerial errors

made in the *preliminary results* of a review should be included in a party's case brief."  19

C.F.R. § 351.224(c)(1) (emphasis added).

Then, when filing its comments, the party "must explain the alleged ministerial error by

reference to applicable evidence in the official record, and must present what, in the party's

view, is the appropriate correction."  *Id.* § 351.224(d).  Upon receipt of the comments,

Commerce will analyze the comments and, "if appropriate, correct any significant ministerial

error by amending the preliminary determination, or correct any ministerial error by amending

the final determination or the final results of review (whichever is applicable)."  *Id.* § 351.224(e).

Pursuant to 19 U.S.C. § 1675(h), Commerce has established procedures for the correction

of ministerial errors in an administrative review within a reasonable period of time after the

determinations are issued.  However, comments concerning ministerial errors made in the

preliminary results of a review *must* be included in interested party's case briefs.  19 C.F.R. § 351.224(c)(1).

Apart from accepting new factual information, "Commerce is free to correct any type of importer error—clerical, methodology, substantive, or one in judgment—in the context of making an antidumping duty determination, provided that the importer seeks correction *before* Commerce issues its final results and adequately proves the need for the requested corrections." *Timken U.S. Corp. v. United States*, 434 F.3d 1345, 1353 (Fed. Cir. 2006) (emphasis added). However, Commerce has the discretion not to respond to ministerial error allegations that are untimely.  *See Dorbest Ltd. v. United States*, 604 F.3d 1363, 1376-77 (Fed. Cir. 2010).  Indeed, Commerce's interests in finality and efficiency suffice to allow Commerce to refuse to address untimely ministerial errors.  *See Jinan Yipin Corp. v. United States*, 774 F. Supp. 2d 1238, 1249 (Ct. Int'l Trade 2011).  Further, Commerce may refuse to entertain ministerial error comments where "a ministerial error . . . was reflected in its preliminary antidumping duty determination . . . . {and} no interested party pointed out the error in a timely manner."  *QVD Food Co. v. United States*, 658 F.3d 1318, 1328 (Fed. Cir. 2011); *see also Stanley Works (Langfang) Fastening Sys. Co., Ltd. v. United States*, 964 F. Supp. 2d 1311, 1341 (Ct. Int'l Trade 2013) ("Stanley's failure to raise any ministerial allegations at the time Commerce's calculations were disclosed, or even in its administrative case brief, is fatal to the claim that it seeks to press here.").

**B.      Commerce Acted Within Its Discretion To Disregard Nucor's Ministerial Error Allegation Regarding Commerce's Calculation Of The Cost Of Production Because It Was Untimely**

Pursuant to 19 U.S.C. § 1677b(b), sales made below cost of production may be disregarded for calculation of normal value if those sales were:  (1) within an extended period of time and in substantial quantities, and (2) at prices which do not permit the recovery of all costs

within a reasonable period of time.  In cases involving quarterly average costs, for purposes of determining whether sales are considered to provide for the recovery of costs, Commerce calculates CONNUM-specific weighted-average annual prices using only those sales that fail the cost test and compares the resulting annual weighted average of the below-cost sales to the annual weighted average costs per CONNUM.  If the annual weighted-average of the below-cost sales per CONNUM is above the annual weighted-average cost per CONNUM, Commerce restores all of the below-cost sales of that CONNUM to the normal value pool of sales available for comparison with U.S. sales.

In the preliminary results, Commerce excluded Maquilacero's reported home market sales made during the window period prior to the period of review from the calculation of normal value and, thus, the calculation of CONNUM-specific costs of production for those sales.  *See* PDM at 19; Maquilacero Preliminary Calculation Memo at 2 & Attachment 1, SAS program log lines 8715-8732.  However, Commerce did not exclude U.S. sales made during that window period for the purpose of calculating CONNUM-specific costs of production on a quarterly basis.  Ministerial Error Determination at 3 (citing Maquilacero Preliminary Calculation Memo at Attachment 1, SAS program log lines 8579-8690 and 8715-8732).

Further, Commerce performed the cost recovery test using this same universe of home market and U.S. sales in its calculations for the final results.  *See* Maquilacero Final Calculation Memo at Attachment 1, SAS program log lines 8583-8666 and 8719-8736.  As Commerce explained in the ministerial error determination, the calculations used in the preliminary and final results were "almost identical."  Ministerial Error Determination at 3 & n.20 (explaining the "small difference" were "certain adjustments to the calculation of {cost of production}").

Thus, Commerce found that Nucor's ministerial error allegation regarding the inclusion of U.S. sales outside of the period of review was untimely.  *Id.* at 3.

Nucor did not raise any concerns regarding Commerce's exclusion of home market sales and inclusion of U.S. sales in Commerce's calculation in its administrative case brief.  *See generally* Nucor Case Br.  Because the alleged error was evident, and therefore discoverable, in the preliminary results and Commerce's preliminary calculation memoranda, Nucor was required to raise any issue with the alleged error in its administrative case brief.  *See* 19 C.F.R. § 351.224(c)(1); Ministerial Error Determination at 3.  Indeed, Nucor did not allege this error in its case briefs, as required by 19 C.F.R. § 351.224(c)(1), but concedes that nothing changed between the preliminary and the final results, stating that "Commerce found its quarterly methodology was appropriate for calculating its costs.  Preliminary Decision Memorandum at 19, *unchanged in* Issues and Decision Memorandum . . . ."  Nucor Br. at 7.  Because Nucor's allegation was incontrovertibly untimely, "Commerce acted within its discretion in refusing to issue amended final results in response" to the allegations.  *Husteel Co. v. United States*, 77 F. Supp. 3d 1286, 1291 (Ct. Int'l Trade 2015); *see also QVD Food*, 658 F.3d at 1328.

However, Nucor argues that it made a *different* ministerial error comment on the preliminary results, and because of that and Commerce's "erroneous" alteration to *other* parts of the program, Commerce's rationale for not considering Nucor's ministerial error comments is inapplicable.  Nucor Br. at 24.  This argument is a red herring.  Consistent with 19 C.F.R. § 351.224(c)(1), parties are required to raise ministerial errors regarding the preliminary results in their case briefs.  The simple fact is that Nucor did not raise *this specific error* in its case briefs after the preliminary results, and, therefore, its ministerial error allegations were untimely.

Further, Commerce is not required to take corrective action in response to every ministerial error allegation. *See* 19 U.S.C. § 1675(h); 19 C.F.R. § 351.224. Congress has delegated express rulemaking authority to Commerce to "establish procedures for the correction of ministerial errors in the final determination *within a reasonable time after the determinations are issued.*" 19 U.S.C. § 1675(h) (emphasis added). Pursuant to that authority, Commerce has set forth parameters for how and when a party may raise a ministerial error in connection with preliminary and final results. Commerce's regulations also provide that Commerce may decline to consider ministerial error allegations that do not comply with these parameters. This is evident in Commerce's regulations, which state that "the Secretary will analyze any comments received and, *if appropriate*, correct any . . . ministerial error." 19 C.F.R. § 351.224(e) (emphasis added). Where, as here, ministerial errors made in the preliminary results are not raised until *after* the final results, Commerce has the discretion to disregard the allegations as untimely. *See, e.g., Husteel*, 77 F. Supp. 3d at 1293 (finding that Commerce had the discretion to disregard Husteel's ministerial error allegations that were untimely filed after the final results, but alleged errors made in the preliminary results).

By not raising these arguments, timely, before Commerce, the Court should not consider Nucor's ministerial error allegation because the argument relating to calculating Maquilacero's cost of production should have been contained in its administrative case brief, which would have enabled Commerce to consider and address the argument *before* issuing the final results. *See Stanley Works*, 964 F. Supp. 2d at 1342.

**C.**  **Commerce Acted Within Its Discretion To Reject Nucor's Ministerial Error Allegation Regarding Commerce's Currency Conversion Because It Was Untimely**

When requesting sales data in its questionnaires, Commerce instructs respondents to report expenses in the currency in which they are incurred.  Here, in the normal course of business, Prolamsa made home market sales in both pesos and dollars and, in response to Commerce's questionnaires, Prolamsa reported its prices in pesos, and others in dollars, accordingly.  In order to account for the differences in currency, for the preliminary results, Commerce converted Prolamsa's reported home market prices in dollars to pesos, in addition to certain other home market selling expenses, as appropriate, to state the home market net price variable on the same currency (*i.e.*, pesos).  *See* Prolamsa Preliminary Results Sales Calculations at Attachment I.  Next, Commerce converted each component of the home market net price variable into dollars, separately and, pursuant to 19 U.S.C. § 1677b-1(a), Commerce converted the home market net price variable into dollars, as demonstrated in the calculation for the foreign unit price in dollars variable.  *See* Prolamsa Preliminary Results Sales Calculations at Attachment II.

In both the preliminary and final results*,* Commerce used the same programming language with the same currency conversion variables involving the conversion of pesos and U.S. dollars.  *See* Prolamsa Preliminary Results Sales Calculations at Attachment II; Prolamsa Final Results Calculation Memorandum at Attachment II.  Nucor did not raise any concerns regarding currency conversion in its case brief.  *See generally* Nucor Case Br.  Because the alleged error was evident, and therefore discoverable, in the preliminary results and Commerce's preliminary calculation memoranda, Nucor was required, pursuant to 19 C.F.R. § 351.224(c)(1),

to raise this alleged error in its case brief.  Ministerial Error Determination at 5.  Nucor did not

do so, and thus, Commerce determined that Nucor's ministerial allegation was untimely.  *Id.*

Nucor argues that Commerce changed its programming language from the preliminary to

the final results, and that it was able to file ministerial comments after the final results and did

not waive its opportunity to do so.  *See* Nucor Br. at 22-23.  But similar to the calculation of the

cost of production, the *specific* error Nucor refers to was discoverable in the preliminary results,

and Nucor should have raised it in its case brief.  Ministerial Error Determination at 5.  The fact

that *part* of the programming language was changed does not give Nucor, or any party, another

bite at the apple when the specific issue was apparent in the preliminary results.  *See Stanley*

*Works*, 964 F. Supp. 2d at 1342 (holding that an error in antidumping margin calculations in

preliminary results should be addressed in administrative case briefs).

Nucor argues that by disregarding its ministerial error allegations, Commerce "willfully

blinded itself to correcting the problems" and did not accurately support its margin calculations

because the final results are "contaminated with errors that were introduced by Commerce, and

which Commerce failed to address."  Nucor Br. at 21.  This argument ignores, however, not only

Commerce's regulations, but also Federal Circuit authority which has *confirmed* that "a

ministerial error made by Commerce that was reflected in its preliminary antidumping

duty determination need not be corrected {by Commerce} when no interested party pointed out

the error in a timely manner."  *QVD Food*, 658 F.3d at 1328; *see also Dorbest*, 604 F.3d at 1376-

77; *Timken*, 434 F.3d at 1353; 19 C.F.R. § 351.224(c)(1).

Therefore, because the errors regarding currency conversion that Nucor raised in its

ministerial error allegation could have been raised in its administrative case briefs, but were not,

Commerce acted within its discretion in rejecting them.  *See* Ministerial Error Determination at 5.

### III.  Nucor Not Only Failed To Exhaust Its Administrative Remedies, But It Also Waived Its Substantive Challenges To Commerce's Determinations Of The Cost Of Production And Currency Conversion Issues Because Nucor *Only* Challenged Whether The Ministerial Error Comments Were Untimely In Its Complaint

Moreover, by failing to raise the arguments about the calculation of Maquilacero's cost of production and the currency conversions for Prolamsa's margin calculations before Commerce, Nucor has failed to exhaust its administrative remedies and is precluded from now making these arguments.  *See* 19 C.F.R. § 351.309(c)(2) (stating that a party's case brief to Commerce "must present all arguments that continue in the submitter's view to be relevant to {Commerce's} . . . final results."); *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007) (recognizing that the exhaustion requirement protects administrative agency authority and promotes judicial efficiency).  Indeed, a party's obligation to exhaust its administrative remedies in proceedings before Commerce applies both to broad issues and arguments related to those issues.  *See Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990) (disagreeing with contention that courts can consider new arguments so long as the general issue was raised at the agency level); *Paul Muller Industrie GmbH & Co. v. United States*, 502 F. Supp. 2d 1271, 1275 (Ct. Int'l Trade 2007) (holding that when a party raises a general issue, but fails to incorporate a specific argument among other arguments that relate to the same issue, it fails to exhaust administrative remedies with respect to that argument).  Exceptions to the exhaustion requirement are limited,[2] as such, the Court "generally takes a 'strict view' of the

---

[2] None of the exceptions to the exhaustion requirement are applicable here, which include futility, pure question of law, lack of timely access to the confidential record, no administrative procedure to exhaust, or new interpretation from an intervening judicial decision. *See Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1146 (Fed. Cir. 2013).

requirement that parties exhaust their administrative remedies before the Department of
Commerce in trade cases." *Corus Staal BV*, 502 F.3d at 1379.

Although Nucor argues that its suggested corrections to Commerce's ministerial errors
are reasonable and should have been made, and that Commerce's "exacerbation of the error"
could not have been predicted, Nucor Br. at 16-18, 20-21, because Nucor failed to raise these
arguments about the calculation of Maquilacero's cost of production and currency conversions
for Prolamsa in its administrative case briefs, the Court should decline to consider whether
substantial evidence supports Commerce's determinations as to these issues. *See generally*
Nucor Case Br.; Nucor Rebuttal Case Br.; Ministerial Error Determination; *Corus Staal BV*, 502
F.3d at 1379.

There is yet another reason why the Court should not consider the merits of Nucor's
arguments:  Nucor did not raise these challenges in its complaint.  In commencing suit against
the United States, the Rules of the Court require Nucor to set forth in its complaint "a short and
plain statement of the claim showing that {it} is entitled to relief; and . . . a demand for the relief
sought, which may include relief in the alternative or different types of relief."  USCIT Rule
8(a)(2) & (3) (General Rules of Pleading). The practice comment for Rule 8 mirrors this
instruction, indicating that, for any action commenced under 28 U.S.C. § 1581(c), the complaint
must include "a statement of the issues presented by the action{.}"

Further, it is black letter law that "{i}ssues that are not the subject of a timely-filed
complaint are, as a general rule, beyond the court's jurisdiction and cannot be entertained by the
court." *Zhaoqing Tifo New Fibre Co. v. United States*, 256 F. Supp. 3d 1314, 1328 (Ct. Int'l
Trade 2017) (citing various cases).  As a result, the "scope of any litigation is confined to the
issues raised in the plaintiff's complaint." *Id.* at 1327.

Here, Nucor's complaint contains two claims that Nucor alleges were unlawful or unsupported: (1) the determination that Nucor's ministerial error allegation with respect to Maquilacero was "untimely;" and (2) the determination that Nucor's ministerial error allegation with respect to Prolamsa was "untimely." Compl. ¶¶ 13-16. If Nucor had wanted to challenge Commerce's underlying determinations with respect to Maquilacero's cost of production and Prolamsa's currency conversions, it could have made that allegation in its complaint. Because Nucor failed to do so, it is precluded from doing so now.

## CONCLUSION

For these reasons, we respectfully request that this Court sustain the final results in their entirety and enter judgment in favor of the United States.

<div style="margin-left:40%">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CLAUDIA BURKE
/s/ Claudia Burke
By /s/ Tara K. Hogan
Assistant Director

</div>

OF COUNSEL:                                     /s/ Kara M. Westercamp
AYAT MUJAIS                                     KARA M. WESTERCAMP
Attorney                                        Trial Attorney
International Office of the Chief                U.S. Department of Justice
Counsel for Trade Enforcement                   Civil Division
& Compliance                                    Commercial Litigation Branch
U.S. Department of Commerce                      PO Box 480, Ben Franklin Station
                                                Washington, DC 20044
                                                Tel: (202) 305-7571
                                                Kara.M.Westercamp@usdoj.gov

April 22, 2022                                  Attorneys for Defendant

18

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| _____ ) | |
| NUCOR TUBULAR PRODUCTS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 21-00543 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**<u>ORDER</u>**

Upon consideration of plaintiff's motion for judgment upon the agency record,

defendant's response, and all other pertinent papers, it is hereby

ORDERED that plaintiff's motion is denied; and, it is further

ORDERED that judgment is entered for the United States.

Dated:_____                    _____
        New York, New York                                        Judge

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 2(b) of the Court's Standard Chambers Procedures, defendant's counsel certifies that the public version of defendant's "Defendant's Response to Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record" in this matter complies with the Court's type-volume limitation rules.  According to the word-count calculated by the word processing system with which the brief was prepared, this brief contains a total of 4,959 words.

/s/ Kara M. Westercamp