# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| NUCOR TUBULAR PRODUCTS INC., | ) |
| *Plaintiff,* | ) |
| v. | ) |
| THE UNITED STATES, | ) **Court No. 21-00543** |
| *Defendant,* | ) |
| and | ) |
| PRODUCTOS LAMINADOS DE MONTERREY S.A. DE C.V., PROLAMSA, INC. AND MAQUILACERO S.A. DE C.V. | ) |
| *Defendant-Intervenors.* | ) |

**DEFENDANT-INTERVENOR MAQUILACERO S.A. DE C.V.'s
COMMENTS IN OPPOSITION TO REMAND REDETERMINATION**

Diana Dimitriuc Quaia
John M. Gurley
Yun Gao

ARENTFOX SCHIFF LLP
1717 K Street, NW
Washington, D.C. 20006
Tel: (202) 857-6291
Fax: (202) 857-6395

*Counsel to Maquilacero S.A. de C.V.*

April 28, 2023

I. **INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant-Intervenor Maquilacero S.A. de C.V. ("Maquilacero") hereby submits these comments on the Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand, dated March 17, 2023 ("Remand Redetermination"). ECF No. 52. These comments are timely filed pursuant to the Court's order issued on January 18, 2023. *See Nucor Tubular Products Inc. v. United States*, Court No. 21-00543, Slip Opinion 23-6, (CIT January 18, 2023) ("Remand Order"). ECF No. 51.

Maquilacero opposes Commerce's Remand Redetermination to the extent it finds that the error alleged by Plaintiff, Nucor Tubular Products Inc. ("Nucor"), was an inadvertent error discoverable for the first time in Maquilacero's final margin calculations and that Commerce was required to correct. Remand Redetermination at 13. As discussed below and in Maquilacero's briefs before the Court, the error alleged by Nucor in its ministerial error comments[1] was a pre-existing error from the *preliminary results*.[2]

---

[1] Letter from Wiley Rein LLP to Sec'y Commerce, re: *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico*: Ministerial Error Comments at 2-6 (Aug. 2, 2021) ("Nucor's Ministerial Error Comments"). C.R. 392, P.R. 253. (Nucor argued for the first time in its ministerial error comments that the inclusion of the cost of production for Maquilacero's sales outside the POR distorted Commerce's cost recovery test employed when Commerce applies the cost quarterly cost methodology.)

[2] *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From Mexico*, 86 Fed. Reg. 7067 (Dep't Commerce Jan. 26, 2021) (prelim results; 2018-2019), P.R. 198 ("*Preliminary Results*"), and accompanying Preliminary Decision Memorandum, P.R. 191.

By correcting a ministerial error that existed in the *preliminary results*[3] but was only raised by Nucor for the first time after the *final results*[4] were issued, Commerce departed from its established practice and applied a relaxed standard that conflicts with the applicable regulation at 19 C.F.R. § 351.224(c)(1). The Remand Redetermination is inconsistent with Commerce's obligation to reject untimely ministerial error comments pursuant to 19 C.F.R. § 351.224(c)(1) and is not in accordance with the law because such treatment is mandated by judicial precedent. *QVD Food Co., Ltd. v. United States*, 658 F.3d 1318, 1328 (Fed. Cir. 2011); *Dorbest Ltd. v. United States*, 604 F.3d 1363, 1375 (Fed. Cir. 2010).

In its Remand Redetermination Commerce may have acted under the misunderstanding that it was required by this Court to correct the ministerial error alleged by Nucor and recalculate the dumping margin with respect to Maquilacero, whereas the Court directed Commerce to provide adequate consideration to Nucor's allegation. Remand Order at 14-15. It was Commerce's duty on remand to determine if Nucor's contention that zeros used in the cost calculation resulted from a computer programming error that became apparent only in the *Final*

---

[3] *Id. See also* Memorandum from D. Goldberger to The File, re: *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico*, Preliminary Results Margin Calculation for Maquilacero S.A. de C.V., at Attachment 1, SAS program log lines 8715-8732 (Jan. 15, 2021) ("Maquilacero Preliminary Margin Calculation Memo"), C.R.301, P.R. 192. (The SAS coding clearly demonstrates that Commerce included the pre-POR sales in the universe for calculating the cost for that quarter.)

[4] *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From Mexico*, 86 Fed. Reg. 41448 (Dep't Commerce Aug. 2, 2021) (final results; 2018-2019), P.R. 252, ECF No. 26-3 ("*Final Results*"). *See also* Memorandum from D. Goldberger to The File, re: *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico*, Final Results Margin Calculation for Maquilacero S.A. de C.V. at Attachment 1, SAS program log lines 8719-8736 (July 22, 2021) ("Maquilacero Final Margin Calculation Memo"), C.R. 381, P.R. 245. (The SAS coding remains unchanged from the *Preliminary Results*, and that Commerce continued to include the pre-POR sales in the universe for calculating the cost for that quarter.)

*Results. Id.* By correcting a pre-existing error raised untimely, Commerce acted contrary to law such that its Remand Redetermination should not be sustained and this Court should remand the case back to Commerce a second time for reconsideration.

## II.  COMMERCE'S REMAND REDETERMINATION

In its opinion of January 18, 2023, the Court instructed Commerce to reconsider and respond to Nucor's contention that using zeros for the cost calculation resulted from a computer programming error that became apparent only in the *Final Results*. Remand Order at 14-16.

In its Remand Redetermination, Commerce reviewed Nucor's ministerial error allegation and found that the ministerial error with respect to Maquilacero was timely raised and ministerial in nature, and proceeded to correct the alleged error. Remand Redetermination at 1-2. Commerce articulated in detail the nature of the alleged ministerial error that it was correcting. *Id.* at 14. Specifically, Commerce explained that it relied on two SAS programs in calculating Maquilacero's dumping margin – (1) the SAS comparison market program and (2) the SAS margin program. *Id*. at 14. Commerce stated that it intended to exclude the pre-POR sales in calculating Maquilacero's dumping margin, but only removed the pre-POR sales from one of the two SAS programs, the SAS margin program. *Id*. at 14. In the *comparison market program*, the SAS coding works in concert with the SAS margin program to calculate Maquilacero's dumping margin and should be based on a consistent universe of U.S. sales. *Id.* at 15. Commerce explained that it should have removed also the pre-POR U.S. sales from the SAS *comparison market program*, which Commerce failed to do in both the preliminary and final results, and thus resulted in the two SAS programs running on different universes of U.S. sales. *Id*. at 15. Therefore, in the Remand Redetermination Commerce revised the SAS *comparison market program* by limiting the universe of U.S. sales to include only those made in the POR, so that

3

pre-POR cost records are no longer being created in the SAS *comparison market program*. *Id*, at 15-16. After this change to the *comparison market program*, Commerce recalculated Maquilacero's dumping margin from 0.29% (*de minimis*) to 3.48%. *Id.* at 17.

## III.     ARGUMENT

Maquilacero does not dispute Commerce's explanation that the ministerial error alleged by Nucor stems from Commerce's failure to remove the pre-POR sales from one of the SAS programs on which Commerce relied to calculate Marquilacero's dumping margin. Remand Redetermination at 14-15. However, the record evidence is abundantly clear that the alleged erroneous SAS coding existed in the *Preliminary Results* and remained unchanged in the *Final Results*.[5] Nucor claims that the alleged error resulted from Commerce using "zero values" rather than "placeholder" cost values for the quarter prior to the period of review due to an adjustment Commerce made in the *Final Results*.[6] Contrary to Nucor's characterization, the nature of the alleged ministerial error is that Commerce should have excluded pre-POR sales from both SAS programs but failed to do so in one of the programs, thereby resulting in an inadvertent inclusion of pre-POR costs being generated and carried forward in the margin calculation. Remand

---

[5] Memorandum from D. Crespo to J. Pollack, re: Ministerial Error Allegations in the Final Results of the 2018-2019 Antidumping Duty Administrative Review on *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico* (Aug. 20, 2021) at 3. ("Final Ministerial Error Memo"). P.R. 259. *See also* Response Brief of Defendant-Intervenor Maquilacero S.A. de. C.V. to Plaintiff's Rule 56.2 Motion for Judgement on the Agency Record at 11, 14-16 and Exhibit 1, ECF Nos. 37, 38 (April 22, 2022) ("Def.-Interv.'s Resp. Br.").

[6] Nucor's Memorandum in Support of Rule 56.2 Motion for Judgment on the Agency Record filed on February 14, 2022, ECF Nos. 33 and 34 at 8-9.

Redetermination at 14-15. The SAS coding that resulted in the inclusion of the pre-POR sales in the SAS *comparison market program* existed in the *Preliminary Results*.[7]

Indeed, Nucor was aware that pre-POR window period costs were generated in the *Preliminary Results*. In other words, Nucor was aware that pre-POR sales were part of Commerce's margin calculation in the *Preliminary Results* for Maquilacero. Rather than disputing the legality of using the pre-POR costs in the margin calculation, in its administrative case brief, Nucor *only* contested the "correct value input" that should be used in the quarterly cost calculation. Pl. Br. at 8-9. *Also see* Letter from Wiley Rein LLP to Acting Sec'y Commerce, re: *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico*, Case Brief at 49-52 (Mar. 8, 2021) ("Nucor's Case Br."), C.R. 375, P.R. 231.[8]

In its case brief to the agency, Nucor never raised the threshold issue that costs corresponding to pre-POR sales should have been removed from the margin calculation for the *Preliminary Results*. *See id*. The error that Commerce corrected in the Remand Redetermination is not simply changing an "incorrectly assigned zero value," but revising the number of quarters Commerce used in the two SAS programs on which it relied to calculate the *Preliminary Results* and the *Final Results*. Remand Redetermination at 14-15.

In the Remand Order, this Court remanded Commerce's *final results* finding that Commerce's decision to reject Nucor's ministerial error comments *as untimely* is not in accordance with the law. Remand Order at 15 (emphasis added). While the Court explains that it

---

[7] Final Ministerial Error Memo, at 3. Def-Interv.'s Resp. Br. at 11-14.

[8] In its administrative case brief, Nucor specifically compared Commerce's calculation of the pre-POR window period (*i.e.* "Q0") price for Hot Rolled Coil ("HRC") with the first quarter price for HRC (*i.e.* "Q1"), thereby acknowledging Commerce's inclusion of the pre-POR sales data in its quarterly cost calculation. Nucor Case Br. at 49-52.

reached the conclusion that Nucor's allegations identify a ministerial error, it made clear that such conclusion is based on the Government's lack of engagement with this issue, due to the late stage at which it was raised:

> Because Nucor has sufficiently raised the question of whether an unintentional error resulted in the use of zeros for the cost calculations, *and the Government has failed to contest this allegation adequately*, the Court concludes that the alleged mistake constitutes a ministerial error pursuant to 19 C.F.R. § 351.224(f).

Remand Order, at 13.

With respect to the calculation of the final dumping margin for mandatory respondent Maquilacero, the Court's remand order did not expressly direct Commerce to recalculate Maquilacero's margin.  Remand Order at 15.  The Court stated that it "remands for Commerce to reconsider Nucor's ministerial error comments and respond accordingly." *Id.* at 15.  The Court's Remand Order did not preclude Commerce from reviewing the substance of Nucor's comments as they pertain to Maquilacero and assess whether they are indeed a ministerial error in the *Final Results* and if so, warrant a correction.

In the Remand Redetermination, Commerce interpreted the Court's Remand Order as requiring it to recalculate Maquilacero's margin. Remand Redetermination at 16-17. Commerce indicated that it found the ministerial errors with respect to both Maquilacero and the other mandatory respondent, Prolamsa, to be "timely raised and ministerial in nature, such that the errors must be corrected."  Remand Redetermination at 1-2. However, Commerce's own correction to Maquilacero's margin, consisting of limiting the number of quarters used in the margin calculation, continues to show that the error now corrected already existed in the *Preliminary Results*, which is distinct from the alleged error raised in Nucor's administrative

6

case brief.[9] The nature of this pre-existing error was for the first time articulated by Nucor in its ministerial error comments following the *Final Results*.[10]

It is Commerce's long-established practice to strictly apply the rule included at 19 C.F.R. § 351.224(c)(1), which reads, "{c}omments concerning ministerial errors made in the preliminary results of a review *should* be included in a party's case brief." Both the U.S. Court of International Trade and the U.S. Court of Appeals for the Federal Circuit treat this regulation as mandatory. *QVD Food Co.*, 658 F.3d at 1328 (holding that Commerce's refusal to correct an alleged ministerial error is not an reversible error when the alleged error was discoverable during earlier proceedings but was not pointed out to Commerce during the time period specified by the regulation.) *see also Dorbest Ltd. v. United States*, 604 F.3d 1363, 1376-77 (Fed. Cir. 2010); *NTSF Seafoods Joint Stock Co. v. U.S., Court Nos.* 20-00104 and 20-00105, Slip Op. 22-38 (CIT April 25, 2022); *Stanley Works (Langfang) Fastening Systems Co., Ltd. v. United States*, 964 F. Supp. 2d 1311, 1341 (CIT 2013). Commerce has consistently applied this strict regulatory requirement in its recent decisions by rejecting as untimely ministerial error comments raised by respondent companies, when such errors were discoverable in the preliminary results.[11]  In the

---

[9] In its administrative case brief, Nucor alleged an error in the value Commerce used in calculating Maquilacero's quarterly prices for one input, Hot Rolled Coil ("HRC"). Nucor's Case Br. at 49-52, C.R. 375, P.R. 231. Nucor's proposed "correction" was not seeking a removal of the pre-POR window period cost. Rather, Nucor requested that Commerce should replace the sequential values with Maquilacero's reported quarterly HRC purchase prices, and use Nucor's price estimates for those quarters where Maquilacero did not report quarterly HRC purchase prices. *Id*. at 52.

[10] Nucor's Case Br. at 49-52. Letter from Wiley Rein LLP to Sec'y Commerce, re: *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico*, Ministerial Error Comments at 2-6 (Aug. 2, 2021). ("Nucor's Ministerial Error Comments"), C.R. 392, P.R. 253.

[11] *See e.g.* Letter from U.S. Department of Commerce to OCTAL SAOZ – FZC, Re: *Antidumping Duty Administrative Review of Certain Polyethylene Terephthalate Resin from the Sultanate of Oman:* Rejection of Untimely Filed Ministerial Error Allegation (Mar. 10, 2023),

Remand Redetermination Commerce seems to be applying a different and more lenient standard when it comes to Nucor. This is not warranted as Commerce should treat similar situations in the same manner and apply its regulation uniformly to the parties to the proceeding. "Agencies have a responsibility to administer their statutorily accorded powers fairly and rationally, which includes not 'treat{ing} similar situations in dissimilar ways.'" *Nakornthai Strip Mill Pub. Co. v. United States*, 32 CIT 1272, 1276, 587 F. Supp. 2d 1303, 1307 (2008), quoting *Anderson v. U.S. Sec'y of Agric.*, 30 CIT 1742, 1749, 462 F. Supp. 2d 1333, 1339 (2006) (quoting *Burinskas v. NLRB*, 357 F.2d 822, 827 (D.C. Cir. 1966)). *See also Consol. Bearings Co. v. United States*, 348 F.3d 997, 1007 (Fed. Cir. 2003) (Commerce acts arbitrarily and capriciously when it "consistently follow{s} a contrary practice in similar circumstances and provide{s} no reasonable explanation for the change in practice.").

Maquilacero disagrees with Commerce's conclusion that Nucor's ministerial error comments were raised timely. In the Remand Redetermination, Commerce recalculated Maquilacero's margin by changing the number of quarters used in the margin calculation – an error that clearly existed in the *Preliminary Results*.[12] Commerce departed from its established practice by accepting the ministerial error comments raised by Nucor and effectively gave Nucor as second opportunity to correct pre-existing errors that it missed in its case brief. As discussed

---

Barcode 4351975-01; Memorandum to Shawn Thompson from Leo Ayala Re: *Less-than-Fair-Value Investigation of Emulsion Styrene-Butadiene Rubber from the Czech Republic:* Allegation of Ministerial Error in the Final Determination (Dec. 19, 2022), Barcode 4322008-01; Memorandum to Shawn Thompson from Elfi Blum Re: *Less-Than-Fair-Value Investigation of Superabsorbent Polymers from the Republic of Korea:* Allegation of Ministerial Error in the Final Determination (Nov. 21, 2022), Barcode 4312582-01; Letter from U.S. Department of Commerce to Polyplex USA LLC Re: *Polyethylene Terephthalate Film from India:* Ministerial Error Comments (Dec. 16, 2022), Barcode 4325329-01.

[12] Final Ministerial Error Memo, at 3. Def-Interv.'s Resp. Br. at 11-14.

8

above, Commerce's Remand Redetermination does not comply with 19 C.F.R. § 351.224(c)(1) and judicial precedent interpreting this regulation, and therefore is contrary to law. This Court should remand the case back to Commerce.

## IV. CONCLUSION

For the reasons stated above, Defendant-Intervenor Maquilacero respectfully requests that this Court decline to sustain the Remand Redetermination and remand this matter back to Commerce for reconsideration and redetermination.

                Respectfully submitted,

                **/s/ Diana Dimitriuc Quaia**
                Diana Dimitriuc Quaia
                John M. Gurley
                Yun Gao

                ARENTFOX SCHIFF LLP
                1717 K Street, NW
                Washington, D.C. 20006
                Tel: (202) 857-6291
                Fax: (202) 857-6395

                *Counsel to Maquilacero S.A. de C.V.*

April 28, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Standard Chamber Procedure 2(b)(1), the undersigned certifies that comments in opposition to remand redetermination filed on April 28, 2023 complies with the word limitation requirement. The word count for Maquilacero's Comments, as computed by ArentFox Schiff LLP's word processing system is 2,630.

<pre>                                        /s/ Diana Dimitriuc Quaia
                                        Diana Dimitriuc Quaia

                                        Counsel to Maquilacero S.A. de C.V.</pre>