**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

NUCOR TUBULAR PRODUCTS INC.,

        Plaintiff,

   v.

UNITED STATES,

        Defendant,

   and

PRODUCTOS LAMINADOS DE MONTERREY
S.A. DE C.V., PROLAMSA, INC., and
MAQUILACERO S.A. DE C.V.,

        Defendant-Intervenors.

Before:  Hon. Jennifer Choe-Groves
     Judge

Court No. 21-00543

## PLAINTIFF NUCOR TUBULAR PRODUCTS INC.'S COMMENTS IN SUPPORT OF REMAND REDETERMINATION

Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Jake R. Frischknecht, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for Plaintiff Nucor Tubular Products, Inc.*

Dated: May 26, 2023

Ct. No. 21-00543

## TABLE OF CONTENTS

                                                                                    **Page**

I.   THE COURT SHOULD SUSTAIN THE REMAND
     REDETERMINATION ..................................................................................1

II.  THE COURT HAS PREVIOUSLY REJECTED MAQUILACERO'S
     ARGUMENTS AND SHOULD DO SO AGAIN ..............................................2

III. CONCLUSION.........................................................................................6

Ct. No. 21-00543

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Aramide Maatschappij V.o.F. v. United States*,
  901 F. Supp. 353 (Ct. Int'l Trade 1995) ..................................................5

*Cisco Sys., Inc. v. Int'l Trade Comm'n*,
  873 F.3d 1354 (Fed. Cir. 2017)..............................................................2

*Dorbest Ltd. v. United States*,
  604 F.3d 1363 (Fed. Cir. 2010)..............................................................5

*Federal–Mogul Corp. v. United States*,
  872 F.Supp. 1011 (Ct. Int'l Trade 1994) ................................................5

*Micron Tech., Inc. v. United States*,
  243 F.3d 1301 (Fed. Cir. 2001)..............................................................2

*NSK Corp. v. United States*,
  33 C.I.T. 1185 (2009) .............................................................................2

*Nucor Tubular Products Inc., v. United States*,
  619 F. Supp. 3d 1279 (Ct. Int'l Trade 2023) ................................. *passim*

*QVD Food Co. v. United States*,
  658 F.3d 1318 (Fed. Cir. 2011)..............................................................5

*US Magnesium LLC v. United States*,
  72 F. Supp. 3d 1341 (Ct. Int'l Trade 2015), *aff'd*, 839 F.3d 1023 (Fed. Cir.
  2016) .......................................................................................................4

*Zhaoqing Tifo New Fibre Co. v. United States*,
  60 F. Supp. 3d 1328 (Ct. Int'l Trade 2015) ...........................................6

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i)....................................................................2

**Regulations**

19 C.F.R. § 351.224(e)............................................................................1, 5

Ct. No. 21-00543

## I.   THE COURT SHOULD SUSTAIN THE REMAND REDETERMINATION

On behalf of Plaintiff Nucor Tubular Products Inc. ("Nucor Tubular"), we respectfully submit the following comments on the U.S. Department of Commerce's ("Commerce") remand results regarding the 2018-2019 administrative review of the antidumping duty order of heavy walled rectangular carbon welded steel pipes and tubes from Mexico. Final Results of Redetermination Pursuant to Ct. Remand, *Nucor Tubular Products Inc., v. United States*, 619 F. Supp. 3d 1279 (Ct. Int'l Trade 2023) (Mar. 17, 2023), ECF No. 52-1 ("Remand Redetermination"). These comments are timely filed pursuant to the Court's January 18, 2023 Order. *Nucor Tubular*, 619 F. Supp. 3d at 1287, ECF No. 51.

Consistent with the Court's Order, Commerce has now considered Nucor Tubular's ministerial error allegations regarding the margin calculations for Productos Laminados de Monterrey S.A. de C.V. ("Prolamsa") and Maquilacero S.A. de C.V. ("Maquilacero"). Commerce correctly determined that "the ministerial errors . . . were timely raised and ministerial in nature, such that the errors must be corrected." Remand Redetermination at 1-2. Commerce corrected the double currency conversion error to the satisfaction of both Nucor Tubular and Prolamsa by implementing Prolamsa's proposed corrections. *Id.* at 7-8. Commerce also revised its calculations for Maquilacero to limit input data to the four quarters of the period of review ("POR") such that the calculations are consistent with Commerce's intent and explanations. *Id.* at 15. As a result of these corrections, and consistent with the Department's regulations, Commerce corrected the weighted average dumping margins for Prolamsa, Maquilacero, and the non-selected companies. *Id.* at 17; 19 C.F.R. § 351.224(e).

The Court should now affirm the Remand Redetermination. The Court must affirm a determination unless it is "unsupported by substantial evidence on the record or otherwise not in

1

Ct. No. 21-00543

accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i); *Micron Tech., Inc. v. United States*, 243 F.3d 1301, 1307-08 (Fed. Cir. 2001). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cisco Sys., Inc. v. Int'l Trade Comm'n*, 873 F.3d 1354, 1361 (Fed. Cir. 2017) (citation omitted). Commerce satisfies the standard where Commerce demonstrates "a rational connection between the facts on the record and the conclusions drawn" by explaining "the standards applied and the analysis leading to the conclusion." *NSK Corp. v. United States*, 33 C.I.T. 1185, 1190 (2009) (citing *Matsushita Elec. Indus. Co., Ltd. v. United States,* 750 F.2d 927, 933 (Fed.Cir. 1984)).

The Remand Redetermination is supported by substantial evidence and is in accordance with law because it explains in detail the errors affecting the Final Results and corrects the errors. The corrections establish a rational connection between the record evidence and the conclusion such that a reasonable mind would accept the relevant record evidence as adequate to support the Remand Redetermination.

Maquilacero opposes the Remand Redetermination but fails to articulate any reason that it should not be sustained. Instead, Maquilacero objects to the Court's original opinion and repeats arguments that this Court rejected. Despite Maquilacero's misplaced emphasis, the relevant question before the Court is whether the Remand Redetermination is supported by substantial evidence and in accordance with law. It is, and the Court should so hold.

## II.   THE COURT HAS PREVIOUSLY REJECTED MAQUILACERO'S ARGUMENTS AND SHOULD DO SO AGAIN

Maquilacero argues Commerce is prohibited from addressing the errors as instructed by the Court; instead, Commerce must return a second remand determination contaminated with the same known, material errors as the Final Results. Def.-Intervenor Maquilacero S.A. de C.V.'s Comments

Ct. No. 21-00543

in Opp'n to Remand Redetermination at 2-3, ECF No. 54 ("Maquilacero Opp'n"). Throughout the course of this litigation, Maquilacero has not argued that Commerce's calculations were substantively correct, but that Commerce could, and now must, refuse to correct any errors. The lynchpin of Maquilacero's argument is that the ministerial error comments were untimely because both the Preliminary and Final Results incorporated erroneous values for certain costs. Maquilacero flatly ignores the revisions made to the Final Results and Commerce's failure to implement its chosen methodology. *See* Remand Redetermination at 15-16. As both the Court and Commerce have acknowledged, these facts are decisive: Nucor Tubular's comments were not untimely. *Nucor Tubular*, 619 F. Supp. 3d at 1285-86; Remand Redetermination at 14-15. Maquilacero's arguments thus collapse for lack of foundation.

The Preliminary Results contained a clear error of inputs but relied on a reasonable methodology. Based on the solicitation of Quarter 0 cost data, Commerce signaled an intent to use five quarters of data. *See* Letter from Arent Fox LLP to Sec'y Commerce, re: *Maquilacero S.A. de C.V.'s Fifth Supplemental Section D Questionnaire Response* (Dec. 14, 2020) at 1-2, Exhibit SD5-1. C.R. 290-291, P.R. 183.  As expected, the Preliminary Results used five quarters, but Commerce used arbitrary numbers rather than the provided data for Quarter 0. Remand Redetermination at 14-15 n.57.  In other words, the five-quarter methodology was not an apparent error at the Preliminary Results.

Nucor Tubular pointed out the arbitrary numbers and advocated for the use of specific data in response to the data error. Letter from Wiley Rein LLP to Sec'y Commerce, re: *Case Brief* (Mar. 8, 2021) at 49-52, C.R. 375-376, P.R. 231. Maquilacero similarly argued for the use of alternate data in rebuttal. Letter from Arent Fox LLP to Sec'y Commerce, re: *Maquilacero S.A. de C.V.'s Rebuttal Brief* (Mar. 17, 2021) at 3-6, C.R. 378-379, P.R. 236.

Ct. No. 21-00543

Commerce was thus presented with two options of how to correct the error, both of which contemplated correcting the cost data for Quarter 0, and both of which would yield a dumping margin. Had Commerce accepted either party's proposal, the inclusion of Quarter 0 sales and costs would not have constituted an error, as Maquilacero concedes. Resp. Br. of Def.-Intervenor Maquilacero S.A. de C.V. to Pl.'s Rule 56.2 Mot. for J. on the Agency R. (Apr. 22, 2022) at 6, ECF No. 37.  However, Commerce chose a third option—to revise the calculations to only four quarters, rendering any data from Quarter 0 irrelevant. Remand Redetermination at 14-16. This choice was also a legitimate methodology with potential to yield an accurate calculation,[1] provided that it was implemented correctly. It was not. While Commerce removed the arbitrary numbers, Commerce did not limit the calculations to four quarters. *Id.* As a result, Commerce unintentionally zeroed the costs for Quarter 0. *Id.* at 9. As the Court has found, these changes were sufficient to trigger the exception to the exhaustion doctrine, and Nucor Tubular's ministerial comments were timely filed. *Nucor Tubular*, 619 F. Supp. 3d at 1286; *see also US Magnesium LLC v. United States*, 72 F. Supp. 3d 1341, 1358 (Ct. Int'l Trade 2015), *aff'd*, 839 F.3d 1023 (Fed. Cir. 2016) (finding, because Commerce changed methodology "between the draft remand results and the final Remand Results, Tianjin cannot be faulted for not exhausting its administrative remedies").

Maquilacero has offered no argument or authority that should alter the Court's analysis. Yet it does make the extraordinary claim that Commerce is legally required to leave the errors

---

[1] Nucor Tubular has not and does not take a position on whether to include Quarter 0 costs and sales in the calculations.  Provided that the inputs appropriately match the calculations, both options of including or excluding Quarter 0 data yield an acceptable result.  Had Commerce chosen to use a methodology that contemplates five quarters of data, Commerce must use five quarters of record data.  Commerce in the Final Results selected a methodology that contemplated four quarters of data, and, in the Remand Redetermination, limited the input data to four quarters.  For the first time in this review, Commerce has reached a determination where the input data is both correct and matches the selected methodology.

Ct. No. 21-00543

uncorrected.[2] Maquilacero Opp'n at 2, 7. Setting aside the fact that the argument is premised on the erroneous notion that Nucor Tubular's comments were untimely, this court has rejected such attempts to tie Commerce's hands. *Aramide Maatschappij V.o.F. v. United States*, 901 F. Supp. 353, 361 (Ct. Int'l Trade 1995) (rejecting claim that Commerce is prohibited from correcting a ministerial error where the error was untimely raised); *see also Dorbest Ltd. v. United States*, 604 F.3d 1363, 1376 (Fed. Cir. 2010) (holding Commerce has the authority to correct ministerial errors during judicial review, with or without a request from an interested parties); *Federal–Mogul Corp. v. United States,* 872 F.Supp. 1011, 1014 (Ct. Int'l Trade 1994) (holding courts have "uniformly authorized the correction of any clerical errors which would affect the accuracy of a determination" and listing cases).

The cases to which Maquilacero cites do not support its argument of an *obligation* to reject untimely comments, but rather support the proposition that Commerce has *discretion* to reject untimely comments. *See e.g., Dorbest*, 604 F.3d at 1376 (Fed. Cir. 2010) (holding Commerce has discretion to correct, or not correct, untimely raised ministerial errors). Discretion implies that Commerce may choose whether to correct the errors. *Id.* at 1377. The only mandate discussed by these authorities is imposed on interested parties, not Commerce. *See e.g., QVD Food Co. v. United States*, 658 F.3d 1318, 1328 (Fed. Cir. 2011) ("interested parties must point out any ministerial errors {from the preliminary results} in their case briefs").

Commerce now finds that its Final Results in this review contained ministerial errors, and has acted within its discretion to fix those errors. *See generally* Remand Redetermination. As the

---

[2] Maquilacero makes the absurd claim that Commerce was required by the Court to consider the errors, but cannot correct the errors.  Maquilacero Opp'n at 5-8.  Given Maquilacero concedes that the Final Results contain an error, *Id.* at 4, the only "consideration" that could possibly satisfy Maquilacero's apparent Catch-22 is a perfunctory analysis that would defy the Court's Order and violate the Department's regulations.  19 C.F.R. § 351.224(e) (Commerce will "correct any ministerial error by amending . . . the final results of review"). This argument is essentially a repackaged exhaustion argument and should be rejected.

Ct. No. 21-00543

Court has found, the mandate to raise ministerial errors in the case brief is not relevant here because the errors "became apparent only in the Final Results." *Nucor Tubular*, slip op. at 14; *See also Zhaoqing Tifo New Fibre Co. v. United States*, 60 F. Supp. 3d 1328, 1346-47 (Ct. Int'l Trade 2015) (citing *Corus Staal BV v. United States,* 502 F.3d 1370, 1381 (Fed.Cir.2007)) ("simply stated – at the time of the {p}reliminary {r}esults there was nothing to exhaust").

III.   **CONCLUSION**

For the foregoing reasons, Nucor Tubular respectfully requests the Court affirm the Remand Redetermination.

Respectfully submitted,

*/s/ Robert E. DeFrancesco, III*
Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Jake R. Frischknecht, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for Plaintiff Nucor Tubular Products, Inc.*

Dated: May 26, 2023