Slip Op. 23-104

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NUCOR TUBULAR PRODUCTS INC., <br><br>    Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>PRODUCTOS LAMINADOS DE MONTERREY S.A. DE C.V., PROLAMSA, INC., AND MAQUILACERO S.A. DE C.V., <br><br>    Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 21-00543 |

## OPINION AND ORDER

[Sustaining the remand determination of the administrative review by the U.S. Department of Commerce in the antidumping duty investigation of heavy walled rectangular welded carbon steel pipes and tubes from Mexico.]

Dated: July 19, 2023

Alan H. Price, Robert E. DeFrancesco, III, and Jake R. Frischknecht, Wiley Rein LLP, of Washington, D.C., for Plaintiff Nucor Tubular Products, Inc.

Claudia Burke, Assistant Director, and Kara M. Westercamp, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of

Washington, D.C., for Defendant United States. With them on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, and Patricia M. McCarthy, Director. Of Counsel on the brief was Ayat Mujais, Attorney, International Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

David E. Bond, Allison J.G. Kepkay, and C. Alex Dilley, White & Case, LLP, of Washington, D.C., for Defendant-Intervenors Productos Laminados de Monterrey S.A. de C.V. and Prolamsa, Inc.

Diana Dimitriuc Quaia, John M. Gurley, and Yun Gao, ArentFox Schiff LLP, of Washington, D.C., for Defendant-Intervenor Maquilacero S.A. de C.V.

Choe-Groves, Judge: This action concerns the import of heavy walled rectangular welded carbon steel pipes and tubes from Mexico, subject to the final affirmative determination in an antidumping duty investigation by the U.S. Department of Commerce ("Commerce"). Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico ("Final Results"), 86 Fed. Reg. 41,448 (Dep't of Commerce Aug. 2, 2021) (final results of antidumping duty administrative review; 2018–2019), and accompanying Issues and Decision Mem. ("Final IDM"), ECF No. 26-2.

Before the Court are the Final Results of Redetermination Pursuant to Court Order ("Remand Redetermination"), ECF No. 52-1, which the Court ordered in Nucor Tubular Products Inc. v. United States ("Nucor I"), 47 CIT __, 619 F. Supp. 3d 1279, 1287 (2023). Defendant-Intervenor Maquilacero S.A. de C.V. ("Maquilacero") filed Defendant-Intervenor Maquilacero S.A. de C.V.'s

Comments in Opposition to Remand Redetermination.  Def.-Interv.'s Cmts. Opp'n Remand Redetermination ("Maquilacero's Cmts. Opp'n"), ECF No. 54.  Defendant United States ("Defendant") filed Defendant's Response to Comments on Remand Redetermination.  Def.'s Resp. Cmts. Remand Redetermination ("Def.'s Resp. Cmts."), ECF No. 55.  Plaintiff Nucor Tubular Products Inc. ("Nucor") filed Plaintiff Nucor Tubular Product Inc.'s Comments in Support of Remand Redetermination.  Pl.'s Cmts. Supp. Remand Redetermination ("Nucor's Cmts. Supp."), ECF No. 56.  Defendant-Intervenors Productos Laminados de Monterrey S.A. de C.V. and Prolamsa, Inc. (collectively, "Prolamsa") did not file comments in response to the Remand Redetermination.  For the reasons discussed below, the Court sustains the Remand Redetermination.

## BACKGROUND

The Court presumes familiarity with the underlying facts and procedural history of this case and recites the facts relevant to the Court's review of the Remand Redetermination.  See Nucor I, 47 CIT at __, 619 F. Supp. 3d at 1282–83.

Commerce published its final determination in the antidumping duty investigation of Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico.  Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From Mexico, 81 Fed. Reg. 47,352 (Dep't of Commerce July 21, 2016) (final determination of sales at less than fair value).  Commerce published its

antidumping duty order in the Federal Register.  Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From the Republic of Korea, Mexico, and the Republic of Turkey, 81 Fed. Reg. 62,865 (Dep't of Commerce Sept. 13, 2016) (antidumping duty orders).

After receiving requests to conduct administrative reviews of the antidumping duty order, Commerce initiated an administrative review of the antidumping duty order covering heavy walled rectangular welded carbon steel pipes and tubes from Mexico.  Initiation of Antidumping and Countervailing Duty Administrative Reviews, 84 Fed. Reg. 61,011 (Dep't of Commerce Nov. 12, 2019).  Commerce selected Maquilacero and Prolamsa as mandatory respondents.  See Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico ("Preliminary Results"), 86 Fed. Reg. 7067, 7067 (Dep't of Commerce Jan. 26, 2021) (preliminary results of antidumping duty administrative review; 2018–2019) and accompanying Prelim. Decision Mem. ("Prelim. DM"), PR 191; see also Commerce's Mem. Re: Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico: 2018–2019 Antidumping Duty Administrative Review: Resp. Selection Mem. (Dec. 19, 2019) at 1, PR 21.[1]  Commerce published the preliminary results and supporting calculations.  Preliminary Results, 86 Fed.

---

[1] Citations to the administrative record reflect the public record ("PR") and public remand record ("PRR") document numbers filed in this case, ECF Nos. 45, 58.

Reg. 7067; see also Commerce's Mem. Re: Preliminary Results Margin Calculation for Maquilacero S.A. de. C.V. (Jan. 15, 2021), PR 192. Commerce published its Final Results and supporting calculations. Final Results, 86 Fed. Reg. 41,448; Final IDM.

Nucor submitted ministerial error comments addressing the margin calculations for both Prolamsa and Maquilacero. Pl.'s Ministerial Error Cmts. (Aug. 2, 2021) ("Ministerial Error Comments"), PR 253. Commerce issued its ministerial error determination. See Commerce's Mem. Re: Ministerial Error Allegations in the Final Results of the 2018–2019 Antidumping Duty Administrative Review on Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico ("Ministerial Error Mem.") (Aug. 20, 2021), PR 259. Nucor challenged Commerce's determinations in the Final Results regarding Prolamsa and Maquilacero. Pl.'s R. 56.2 Mot. J. Agency R., ECF Nos. 32, 33, 34.

In Nucor I, the Court concluded that Commerce's use of zeros in its cost calculation regarding Maquilacero was ministerial in nature and that Nucor's comments challenging Commerce's ministerial error were timely. Nucor I, 47 CIT at __, 619 F. Supp. 3d at 1286. The Court granted Defendant's request for remand regarding the alleged double-conversion error for Prolamsa. Id. at 1286–87.

In the Remand Redetermination, Commerce determined that the Ministerial Error Comments submitted by Nucor were timely. Remand Redetermination at 1–

2. Commerce reviewed its calculations with respect to both Maquilacero and Prolamsa and adjusted each company's dumping margins. Id. at 2–3. On remand, Commerce determined that the revised weighted-average dumping margin for Prolamsa is 2.11% and the weighted-average dumping margin for Maquilacero is 3.48%. Id. at 3. Commerce determined that the revised rate for the non-selected companies is 2.51%. Id. For the reasons set forth in this Opinion, the Court sustains Commerce's Remand Determination.

## JURISDICTION AND STANDARD OF REVIEW

The U.S. Court of International Trade has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(i) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final results of an administrative review of an antidumping duty order. The Court shall hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i). The Court reviews determinations made on remand for compliance with the Court's remand order. Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT 727, 730, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

### I.　Maquilacero's Quarterly Cost Methodology

Maquilacero challenges Commerce's <u>Remand Redetermination</u>, arguing: (1) the error that Nucor alleged regarding Commerce's determination of normal value in Maquilacero's dumping margin calculation was not ministerial in nature; (2) the error that Nucor alleged regarding Commerce's determination of normal value in Maquilacero's dumping margin calculation was discoverable after publication of the <u>Preliminary Results</u>; and (3) Commerce was not required to correct the error that Nucor alleged regarding Commerce's normal value determination in Maquilacero's dumping margin calculation. Maquilacero's Cmts. Opp'n at 1. Maquilacero contends that Commerce departed from its established practice and applied a relaxed standard, contrary to 19 C.F.R. § 351.224(c)(1), when Commerce "correct[ed] a ministerial error that existed in the <u>Preliminary Results</u> but was only raised by Nucor for the first time after the <u>Final Results</u> were issued." <u>Id.</u> at 2. Maquilacero asserts that Commerce was not required to recalculate the dumping margin with respect to Maquilacero, but only needed to "provide adequate consideration to Nucor's allegation." <u>Id.</u>

Defendant disagrees with Maquilacero that Commerce's recalculation of Maquilacero's dumping margin was inappropriate, and argues that Nucor's

ministerial error allegation was timely and in line with the Court's remand order. Def.'s Resp. Cmts. at 8.

The Court notes that Maquilacero reiterates arguments that the Court resolved in Nucor I.  See generally Maquilacero's Cmts. Opp'n; see also Nucor I, 47 CIT __, 619 F. Supp. 3d 1279.  First, regarding Maquilacero's contention that the errors were not ministerial in nature, this Court in Nucor I addressed ministerial errors and held that the errors alleged by Nucor were ministerial in nature.  Nucor I, 47 CIT at __, 619 F. Supp. 3d at 1285–86.  Second, regarding Maquilacero's contention that the errors were discoverable after the Preliminary Results, this Court held that the errors alleged by Nucor were not discoverable until after the publication of the Final Results.  Id. at 1286.  This Court held that "[b]ecause the unintentional errors became apparent only in the Final Results, the Court concludes that . . . Nucor was permitted to address new ministerial errors that arose after Commerce completed its constructed cost calculations for normal value in the Final Results."  Id.  Because Maquilacero has not convinced the Court that Commerce violated an established practice, and the Court previously held that Nucor's Ministerial Error Comments were timely submitted, the Court is not persuaded by Maquilacero's contention that Commerce applied a "relaxed standard that conflicts with . . . [an established practice under] 19 C.F.R. § 351.224(c)(1)." Maquilacero's Cmts. Opp'n at 2.  Third, Maquilacero contends that Commerce

was not required to correct the ministerial errors because "the Court's remand order did not expressly direct Commerce to recalculate Maquilacero's margin." Id. at 6. This Court remanded the Final Results and instructed Commerce to reconsider its calculations consistent with the Court's opinion. Nucor I, 47 CIT at \_\_, 619 F. Supp. 3d at 1287. On remand, Commerce determined that the errors alleged by Nucor were ministerial in nature and that Nucor's ministerial error allegations were timely submitted. Remand Redetermination at 1–2, 8–10, 13–17. Commerce reconsidered the substance of Nucor's ministerial error allegations and recalculated Maquilacero's margin. Id. at 13–17. Based on the foregoing, the Court concludes that Commerce's Remand Redetermination is in accordance with the law.

    Maquilacero challenges Commerce's Remand Redetermination as not supported by substantial evidence. See Maquilacero's Cmts. Opp'n at 4–5. In calculating Maquilacero's dumping margin, Commerce relied on Maquilacero's cost of production database submitted on September 10, 2020, in which Maquilacero reported its hot-rolled coil cost for each quarter of the period of review. Final IDM at 10; see also Commerce's Mem. Re: Prelim. Results Margin Calc. Maquilacero ("Maquilacero's Prelim. Margin Calc. Mem.") (Jan. 15, 2021) at 1, PR 7; Commerce's Mem. Re: Cost Prod. Constructed Value Calc. Adjustments Prelim. Results Maquilacero ("Macuilacero's Prelim. Cost Calc.

Mem.") (Jan. 15, 2021) at 1–2, PR 9.  However, Commerce initially used sequential values (i.e., .1, .2, .3 . . .) rather than Maquilacero's reported quarterly hot-rolled coil price data.  Final IDM at 10–11.  Nucor contested the use of sequential values, and Commerce subsequently removed the sequential values, inadvertently replacing them with zeros for the quarter immediately before the period of review (i.e., Q0).  See Nucor I, 47 CIT __, 619 F. Supp. 3d at 1284; see also Pl.'s Ministerial Error Cmts.; Ministerial Error Mem.  On remand, Commerce conceded that it "did not intend to include pre-[period of review] window period sales in [Commerce's] full [period of review] averaging calculation."  Remand Redetermination at 9.  Commerce thus adjusted the cost recovery benchmark (an average of all period of review quarterly costs, designed to evaluate whether sales determined to be "below cost" in a particular quarter were "above cost" when compared to the period of review average) by revising the programming language that the Court previously held was responsible for the ministerial error, and instead limited the quarters under consideration to only those within the period of review (i.e., Q1–Q4).  Id. at 10.  On remand, Commerce eliminated the ministerial error that was present in the Final Results, analyzing only the relevant cost data from the period of review.

      Pursuant to the Court's remand order in Nucor I, Commerce was instructed to reconsider the substance of Nucor's timely submitted Ministerial Error

Comments. Commerce made certain adjustments to address the deficiencies that Nucor highlighted in its timely submitted Ministerial Error Comments. Id. at 10, 13–17. Commerce recalculated Maquilacero's dumping margin and arrived at a more accurate determination, based upon record evidence including Maquilacero's cost of production database during the relevant period of review. Id. at 10, 17. The Court observes that the record evidence from Maquilacero's cost of production database and Commerce's established quarterly cost methodology support Commerce's determination that corrections needed to be made to the formulas that Commerce used in calculating Maquilacero's dumping margin. Id. at 10, 13–17. Commerce revised Maquilacero's dumping margin from 0.00% to the new rate of 3.48%. Id. at 17.

Because Commerce corrected the ministerial errors present in the Final Results by removing the inadvertent zeros within the calculation programming and disregarding data from the period prior to the relevant period of review, the Court concludes that Commerce's Remand Redetermination with regard to Maquilacero is supported by substantial evidence, in accordance with the law, and in compliance with this Court's remand order.

## II.     Prolamsa's Currency Conversion

The Court granted Commerce's request for remand regarding Commerce's calculation of Prolamsa's dumping margin in the Final Results. Nucor I, 47 CIT at

\_\_, 619 F. Supp. 3d at 1286–87.  On remand, Commerce determined that several currency conversion mistakes occurred in Commerce's calculation of the Final Results.  Remand Redetermination at 4–8.  Commerce addressed each currency conversion error by: (1) converting home market packing expenses and home market inventory carrying costs to U.S. Dollars before calculating home market net price; and (2) correcting the foreign unit dollar price equation to only convert the level of trade adjustment and difference in merchandise adjustment variables into U.S. Dollars.  Id. at 7.

Commerce addressed the comments provided by interested parties and revised its calculation formula to account for any remaining double conversion errors.  Id. at 8.  Commerce agreed with Prolamsa that Commerce made certain errors in Prolamsa's margin calculation in the Draft Results of Redetermination.  Id. at 12; see also Prolamsa's Cmts. Draft Results Redetermination Pursuant Court Order ("Prolamsa's Comments on Draft Remand Redetermination") (Mar. 8, 2023), PRR 6.  Commerce changed the formulas that it used to calculate Prolamsa's home market net price and foreign unit dollar price to eliminate the double conversion errors.  Remand Redetermination at 12–13.  Commerce revised Prolamsa's dumping margin from 0.00% to the new rate of 2.11%.  Id. at 17.  Prolamsa did not submit comments in opposition to Commerce's Remand Redetermination.

Because Commerce addressed the double conversion errors first highlighted by Nucor's Ministerial Error Comments, and subsequently corrected the remaining errors highlighted by Prolamsa's Comments on Draft Remand Redetermination, the Court concludes that the results of Commerce's Remand Redetermination with regard to Prolamsa are supported by substantial evidence, in accordance with the law, and comply with this Court's remand order.

## CONCLUSION

For the foregoing reasons, the Court sustains the Final Results, 86 Fed. Reg. 41,448, as amended by the Remand Redetermination, ECF No. 52-1. Judgment will issue accordingly.

                                                    /s/ Jennifer Choe-Groves  
                                                    Jennifer Choe-Groves, Judge

Dated:     July 19, 2023  
            New York, New York